IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT 31 PM 6: 20

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | No. 94-20139(G)D |
| THEODORE C. MASON, | X | |
| Defendant. | X | |

ORDER DENYING MOTIONS PURSUANT TO 18 U.S.C. § 3582

On August 9, 2004 and January 14, 2005, defendant Theodore C. Mason, Bureau of Prisons registration number 14773-076, an inmate at the Federal Correctional Institution (FCI) in Forrest City, Arkansas, filed motions in his closed criminal case styled as motions pursuant to 18 U.S.C. § 3582.

On June 30, 1994, a grand jury indicted defendant on one count of illegal possession of fifty grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and one count of illegal possession of 250 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On December 16, 1994, defendant pled guilty to count one of the indictment. Under the terms of the plea agreement, the government recommended the dismissal of count two and a sentence at the low end of the guideline range. On January 5, 1996, the Court conducted the sentencing hearing and on January 16, 1996, entered a sentence of 168 months plus a five-year period of supervised release.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 11-1-05

85

Defendant appealed, and the United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment and defendant's sentence. United States of America v. Mason, No. 95-5199, 1997 WL 560062 (6th Cir. Sept. 5, 1997).

Defendant then filed a § 2255 motion, contending that his attorney provided ineffective assistance of counsel by failing to challenge the indictment, object to the enhancement of defendant's sentence based upon possession of crack cocaine, and give reliable advice regarding defendant's guilty plea and plea agreement. The court summarily denied that motion. United States v. Mason, No. 97-3147-G/V (W.D. Tenn. July 6, 1998). Mason filed a notice of appeal and the Sixth Circuit Court of Appeals denied a certificate of appealability. Mason v. United States, No. 98-6468 (6th Cir. Mar. 22, 1999).

On April 26, 2000, the Mason filed a motion pursuant to 18 U.S.C. § 3582. Mason sought to vacate or set aside the sentence imposed for the drug charge by contending that the court was without jurisdiction to impose an enhanced sentence, he was entrapped by the government, and the court should have granted a downward departures due to his rehabilitation and based upon criminal history over-representing the seriousness of his prior crimes. The motion was transferred to the Sixth Circuit as a successive motion to vacate under In re Sims, 111 F. 3d 45, 47 (6th Cir. 1997). United States v. Mason, No. 00-2358-G (Apr. 28, 2000). The Sixth Circuit denied Mason's motion for permission to file a

2

successive motion to vacate. United States v. Mason, No. 00-5618(6th Circ. Sept. 18, 2001).

In the motion filed on August 9, 2004, Mason again contends the Court was without jurisdiction to impose an enhanced sentence. Additionally, in the motion filed on January 14, 2005, Mason contends that he is entitled be resentenced based upon the Supreme Court's decisions in United States v. Booker, 125 S. Ct. 738, 755-56 (Jan. 12, 2005) and Blakely v. Washington, 542 U.S. 296 (2004).

Mason has filed these claims as motions in his closed criminal case rather than presenting them in a motion to vacate under 28 U.S.C. § 2255, apparently recognizing that rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989). Although the Supreme Court determined that its hold in Blakely applies to the Sentencing Guidelines, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague). Thus, the Sixth

3

Circuit concluded that the rule of <u>Booker</u> does not apply retroactively in collateral proceedings. <u>Humphress</u>, 398 F.3d at 860.

Although Mason raises these issues in his criminal case, the Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> > > (I) extraordinary and compelling reasons warrant such a reduction;
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> >
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

4

>       (2) in the case of a defendant who has been
>  sentenced to a term of imprisonment based on a sentencing
>  range that has subsequently been lowered by the
>  Sentencing Commission pursuant to 28 U.S.C. 994(o), upon
>  motion of the defendant or the Director of the Bureau of
>  Prisons, or on its own motion, the court may reduce the
>  term of imprisonment, after considering the factors set
>  forth in section 3553(a) to the extent that they are
>  applicable, if such a reduction is consistent with
>  applicable policy statements issued by the Sentencing
>  Commission.

None of the provisions of 18 U.S.C. § 3582(c) are applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35, nor any federal statute, authorizes the Court to modify Liggins' sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

For all the foregoing reasons, defendant's motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c) is DENIED.

As no reasonable jurist could disagree that this court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 31 day of October, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 85 in case 2:94-CR-20139 was distributed by fax, mail, or direct printing on November 1, 2005 to the parties listed.

---

Theodore C. Mason
FCI-FORREST CITY
14773-076
P.O. Box 9000
Forrest City, AR 72336

Joseph C. Murphy
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT